Susan T. Ye, Bar No. 281497
sye@littler.com
Abigail Woodruff, Bar No. 312594
awoodruff@littler.com
LITTLER MENDELSON, P.C.
50 W. San Fernando Street
7th Floor
San Jose, California 95113.2431
Telephone: 408.998.4150
Facsimile: 408.288.5686

Attorneys for Defendant
THE PITTSBURGH PAINTS CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN FRANCIS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE PITTSBURGH PAINTS CO., a Delaware corporation; and DOES 1-25, inclusive,<br><br>Defendants. | Case No. ______________<br><br>**DEFENDANT THE PITTSBURGH PAINTS CO.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>Trial Date: None Set<br>Complaint Filed: December 12, 2025 |

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, California 95113.2431
408.998.4150

**TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant The Pittsburgh Paints Co. ("Defendant") hereby removes the above-captioned action from the Superior Court of the State of California, County of Santa Clara, to the U.S. District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.

## I. STATEMENT OF JURISDICTION

1. The Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332. This action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 because it is removed under 28 U.S.C. § 1331 as presents a federal question under the Family and Medical Leave Act ("FMLA"), *i.e.*, 29 U.S.C. § 2601 *et seq.*; and because under 28 U.S.C. § 1332, complete diversity exists among the parties, and the amount in controversy exceeds $75,000.

## II. PLEADINGS AND PROCESS

2. On December 12, 2025, Plaintiff Susan Francis ("Plaintiff") filed a civil complaint ("Complaint") against Defendant and Does 1-25 in Santa Clara County Superior Court, fashioned *Susan Francis, an individual, Plaintiff, vs. The Pittsburgh Paints Co., and DOES 1 through 25, inclusive, Defendants*, Case No. 25CV482113 (the "State Court Action").

3. The Complaint alleges the following twelve causes of action: (1) Discrimination and Harassment based on Sex; (2) Retaliation; (3) Disability Discrimination; (4) Failure to Provide Reasonable Accommodations; (5) Failure to Engage in the Interactive Process; (6) Violation of the Family and Medical Leave Act; (7) Harassment and Hostile Work Environment; (8) Wrongful Termination; (9) Breach of Express or Oral Contract Not to Terminate Without Good Cause; (10) Breach of Implied-in-Fact Contract Not to Terminate Without Good Cause; (11) Intentional Infliction of Emotional Distress; and (12) Negligent Infliction of Emotional Distress. Plaintiff seeks general damages, exemplary damages, special damages, including for severe emotional distress, declaratory relief, injunctive relief, physical and emotional distress damages, pre-judgment and post-judgment interest, attorney's fees, costs of suit, and such other relief as the court deems just and proper. (*See generally* Declaration of Susan T. Ye in Support of Def.'s Notice of Removal ("Ye Decl."), Ex. A [Complaint within Notice of Acknowledgment of

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, California 95113.2431
408.998.4150

Receipt packet] ("Compl."), Prayer for Relief.)

4. On December 19, 2025, Plaintiff's counsel sent Defendant's counsel a Notice and Acknowledgment of Receipt of Summons and Complaint ("Notice and Acknowledgment"), enclosing the following documents: Summons, Complaint, Civil Lawsuit Notice, and Alternative Dispute Resolution Information Sheet. (*See* Ye Decl. ¶ 2, Ex. A.) On January 8, 2026, Defendant's counsel returned to Plaintiff's counsel the Notice and Acknowledgment, signed on behalf of Defendant, thus effectuating service on Defendant as of that date. (*See id.*, ¶ 2.) On February 5, 2026, Defendant filed and served its Answer to Plaintiff's Complaint. (Ye Decl. ¶ 3, Ex. B)

5. Pursuant to 28 U.S.C. § 1446(d), and to the best of Defendant's knowledge, a true and correct copy of all pleadings served upon Defendant via the notice and acknowledgment and receipt of summons and complaint are attached as **Exhibit A** to the Ye Declaration. (Ye Decl., Ex. A.) As of the date of this Notice of Removal, no other parties have been named/served with the Summons and Complaint in this action. To Defendant's knowledge, none of the Doe Defendants have been identified or served to date. Because the Doe Defendants have not yet been served, they need not join or consent to Defendant's Notice of Removal. *See Cmty. Bldg. Co. v. Md. Cas. Co.*, 8 F.2d 678, 678-79 (9th Cir. 1925) (named defendants not yet served in state court action need not join in the notice of removal). As of today's date, the only other pleadings, process, and orders on the Santa Clara County Superior Court's docket are Plaintiff's Civil Case Cover Sheet and Defendant's January 8, 2026 signed and returned Notice and Acknowledgment without a proof of service, true and correct copies of which are attached as **Exhibit C** to the Declaration of Susan T. Ye. (Ye Decl. ¶ 4, Ex. C.)

## III. TIMELINESS OF REMOVAL

6. The notice of removal of a civil action must be filed within thirty (30) days after service of process. 28 U.S.C. § 1446(b); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from service of the summons and complaint). Service of Plaintiff's Complaint was effected on January 8, 2026. As such, this Notice of Removal is timely since it is filed within thirty days of January 8, 2026.

7. On February 6, 2026, Defendant will file with the state court, and intends to serve on Plaintiff's counsel, Lori Costanzo, Frank Zeccola, and Luiza Dias of Costanzo Law Firm, located at 111

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, California 95113.2431
408.998.4150

West St. John, #700, San Jose, CA 95113, a copy of the Notice to State Court and Adverse Parties of Removal of Civil Action to Federal Court.

## IV. DIVERSITY JURISDICTION

8. This Court has subject matter jurisdiction of the State Court Action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Pursuant to 28 U.S.C. § 1441(a) and (b), the State Court Action may be removed to this Court by Defendant because it is a civil action in which the Defendant is not a citizen of the State in which such action is brought, and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

### A. The Amount in Controversy Exceeds $75,000.

9. Plaintiff's Complaint does not specify the amount Plaintiff seeks to recover from Defendant in this action. Where removal is based on diversity of citizenship, and the initial pleading seeks a money judgment, but does not demand a specific sum, "the notice of removal may assert the amount in controversy" (28 U.S.C. § 1446(c)(2)), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Here, as the Complaint does not indicate a total amount of damages claimed, consequently, Defendant only needs to show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

10. For purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on each and every one of her claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). Defendant need only establish by a preponderance of evidence that Plaintiff's claims exceed the jurisdictional minimum. *See Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Sanchez*, 102 F.3d at 404, 405. By demonstrating that the actual amount in controversy placed at issue by Plaintiff exceeds the $75,000 threshold, however, Defendant does not concede the validity of Plaintiff's claims, the legal bases for the damages calculations, or the likelihood that Plaintiff will recover anything.

11. The U.S. Supreme Court has affirmed that the notice of removal need only contain a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co.*, 574 U.S. at 83

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, California 95113.2431
408.998.4150

(citing 28 U.S.C. § 1446(a)). Moreover, removing defendants need not submit evidence to support their notice of removal, unless such amount is contested by the plaintiff or questioned by the Court. *See id*. at 89. As such, Defendant need only plausibly allege that the amount in controversy exceeds $75,000. *See id*. However, even if an evidentiary showing were required, Defendant need only show, by a preponderance of the evidence, that the amount-in-controversy requirement has been met. *See id.* at 88, 89. Importantly, the Court in *Dart Cherokee* recognized that there is no anti-removal presumption. *Id.* at 89. While the number and types of Plaintiff's claims clearly demonstrate that the amount in controversy is exceeded, out of an abundance of caution, Defendant provides greater detail below, which clearly establishes that the amount in controversy placed at issue by Plaintiff exceeds $75,000.

12. In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including attorney's fees. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). That is, economic damages, attorney's fees, and punitive damages are all included in determining the amount in controversy. *See id*. The Court may examine the nature of the action and the relief sought and take judicial notice of attorney's fee awards in similar cases. *See, e.g.*, *Simmons*, 209 F. Supp. 2d at 1035. Furthermore, such fees are calculable beyond the time of removal. *Id*. Moreover, for removal purposes, the amount in controversy is "the pecuniary result to either party which the judgment would directly produce"—either the benefit to the plaintiff **or** the cost to the defendant. *In re Ford Motor Co./Citibank, N.A.*, 264 F.3d 952, 958 (9th Cir. 2001) ("In other words, where the value of a plaintiff's potential recovery [. . .] is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes.").

13. Here, the Court can reasonably conclude from the pleadings and the prayer for relief that the amount in controversy does, in fact, exceed $75,000. *See Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (internal citations and quotations omitted) ("The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy.").

14. <u>Economic damages</u>. Plaintiff seeks economic damages in the form of loss of employment income. (Compl. ¶¶ 67, 76.) Assuming she has not found new employment, Plaintiff puts at issue more than four years' worth of lost income from mid-2021 to the present. Plaintiff alleges she began working

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, California 95113.2431
408.998.4150

for Defendant on October 12, 2015. (Compl. ¶ 16.) At the time of termination, Plaintiff was a full-time employee earning an annual income of at least approximately $34,902 (= $16.78/hour X 2,080 hours/year), not including any commission earnings. In addition, at the time of separation from employment, Plaintiff also earned commissions on sales, performance incentive compensation, and worked overtime in her role, which would further augment her economic damages. (*See* Compl. ¶ 16.) Plaintiff also alleges that Defendants prevented her from obtaining employment after her termination by stating that she was involuntarily terminated for "performance reasons." (Compl. ¶ 47.) Even if trial in this matter were to occur as early as June 2026, this would amount to five years of lost income, which would be **at least $174,510**, exclusive of commissions, incentive pay, and overtime wages.

15. Emotional distress. Plaintiff also alleges emotional distress and punitive damages. (Compl. ¶ 51; Prayer for Relief ¶ 3.) Plaintiff's potential recovery of such damages further augments the foregoing amounts and demonstrates that the jurisdictional prerequisite for removal of this action is met. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). These categories of damages must be considered when calculating the amount in controversy even if no such damages are clearly pled in the complaint. *See Simmons*, 209 F. Supp. 2d at 1034; *Richmond v. All State Ins*., 897 F. Supp. 447, 449-50 (S.D. Cal. 1995) (general and special damages included in the amount in controversy).

16. Although Defendant disputes that Plaintiff is entitled to any such award, plaintiffs in employment cases have been awarded substantial sums for emotional distress. *See, e.g.*, *Gardenhire v. Hous. Auth. of L.A.*, 85 Cal. App. 4th 236, 240-41 (2002) (affirming judgment, including jury award of $1.3 million in emotional distress damages for wrongful termination in violation of public policy claim); *Flores v. Office Depot Inc.*, No. BC556173, 2017 WL 773850 (Cal. Super. Ct. Feb. 6, 2017) (awarding $1.064 million in pain and suffering damages). Indeed, in determining the amount in controversy, the Court may consider damages awards in similar cases. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). In *Kroske*, the Ninth Circuit found that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id.* at 980; *see also Velez v. Roche*, 335 F. Supp. 2d 1022, 1040 (N.D. Cal. 2004) (surveying discrimination and harassment cases awarding emotional distress damages and concluding that "substantial jury awards

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, California 95113.2431
408.998.4150

of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish."). Using *Kroske* as a considerably conservative baseline, the emotional distress component of Plaintiff's claims here could add **at least $25,000** to the amount in controversy, if not significantly more.

17. Punitive damages. Likewise, plaintiffs in employment cases have been awarded substantial punitive damages. *See, e.g.*, *Simmons*, 209 F. Supp. 2d at 1033. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294, governing such damages. Indeed, punitive damage awards have equaled as much as four times the amount of the actual damages award. *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).

18. Attorney's fees. Lastly, Plaintiff seeks attorney's fees. (Compl., Prayer for Relief, ¶¶ 8, 9.) Attorney's fees that are potentially recoverable by statute also are included in determining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). In actions brought under the FEHA, the trial court, in its discretion, may award to the prevailing party reasonable attorney's fees. *See* Cal. Gov't Code § 12965(c)(6). Where the underlying statutes entitle a prevailing plaintiff to an award of reasonable attorney's fees, such fees must be included in the amount in controversy. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy."); *Galt*, 142 F.3d at 1156 (claims for statutory attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory).

19. Any estimate of attorney's fees includes fees over the life of the case, not just the fees incurred at the time of removal. *See Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 WL 898468, at *7 (C.D. Cal. Mar. 3, 2015). In employment law cases, fee awards can be high. This amount alone can sometimes eclipse the $75,000 jurisdictional minimum amount in controversy. *See, e.g.*, *Amochaev v. Citigroup Global Markets Inc.*, No. 05CV01298(PJH), 2008 WL 3892291 (N.D. Cal. 2008) ($6.5 million in attorney's fees awarded in retaliation case); *E.E.O.C. v. Albion River Inn Inc.*, No. 06CV05356(SI), 2008 WL 928368 (N.D. Cal. 2008) (awarding $75,000 in attorney's

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, California 95113.2431
408.998.4150

fees in single-plaintiff case that included claim for wrongful termination). "Recent estimates for the number of hours expended through trial for employment cases [. . .] have ranged from 100 to 300 hours. Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in [an employment discrimination case alleging wrongful termination] may **reasonably be expected to equal at least $30,000** (100 hours x $300 per hour)." *Sasso*, 2015 WL 898468, at *6 (emphasis added). Thus, Plaintiff's demand for attorney's fees adds, at minimum, **$30,000** to the amount in controversy, which is a very conservative estimate. *See, e.g.*, *Dwyer v. Crocker Nat'l Bank*, 194 Cal. App. 3d 1418, 1437 (1987) (upholding award of $75,258 in attorneys' fees under the FEHA); *Begazo v. Passages Silver Strand L.L.C.*, 2017 WL 2402841 (L.A. Super. Ct. 2017) (awarding $375,568 in attorneys' fees in FEHA action). Nevertheless, Defendant does not include an estimate of the recovery for attorney's fees sought, despite the fact that this amount would represent a considerable proportion of any recovery by Plaintiff, which would add significantly to the total amount in controversy.

20. In sum, although Defendant does not concede that Plaintiff's claims have any merit, based on the foregoing, a conservative estimate of the amount in controversy here is **at least $229,510** (= $174,510 in economic damages + $25,000 in emotional distress damages + $30,000 in attorney's fees). Thus, the preponderance of evidence shows that the sum of Plaintiff's potential recovery easily exceeds the jurisdictional minimum of $75,000, exclusive of interests and costs. Therefore, the requirements of 28 U.S.C. § 1332(a) have been met in that the amount in controversy exceeds $75,000, exclusive of interests and costs, and because complete diversity exists between Plaintiff and Defendant (as detailed below). As such, the United States District Court for the Northern District of California has original jurisdiction over this matter, and removal is authorized under 28 U.S.C. § 1441(b).

**B. Complete Diversity of Citizenship Exists Between Plaintiff and Defendant.**

21. <u>Plaintiff is a citizen of California</u>. For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he resides with the intention to remain, or to which he intends to return. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Defendant is informed and believes that, at the time he commenced the State Action, Plaintiff was, and still is, a citizen of the State of California, residing in Santa Clara County. *See e.g.*, *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, California 95113.2431
408.998.4150

1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (place of residence provides *prima facie* case of domicile). Thus, Plaintiff is a citizen of California for diversity jurisdiction purposes.

22. Defendant is a citizen of Pennsylvania, not California. Section 1332(c)(1) states: "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." A corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," *i.e.*, its "nerve center," which is typically a corporation's headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Here, Defendant is a corporation, organized under the laws of the State of Delaware. Additionally, Defendant's principal place of business, or "nerve center," is indisputably located Cranberry Township, Pennsylvania, where its high-level corporate officers are located and the majority of executive and administrative functions are directed. Nearly all of Defendant's corporate decision, such as executive, administrative, and policymaking decisions, are made at its Pennsylvania headquarters. Thus, Defendant is not a citizen of California for the purposes of diversity jurisdiction.

23. The Doe Defendants should be disregarded. The Complaint names Defendants DOES 1 through 25, which are fictitious. The Complaint does not set forth the identity of, or any allegations against, these Doe Defendants as individuals. The presence of Doe Defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *see also Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

24. Accordingly, Plaintiff is a citizen of California, and Defendant is a citizen of Pennsylvania for purposes of this Court's diversity jurisdiction. Therefore, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332(a)(1).

///

///

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, California 95113.2431
408.998.4150

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, California 95113.2431
408.998.4150

**V. FEDERAL QUESTION JURISDICTION**

25. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1441 because Plaintiff could have filed this action in this Court under the FMLA. Plaintiff's Complaint presents a federal question because it includes a claim against Defendant asserting violation of the FMLA, 29 U.S.C. § 2601 *et seq*. (Compl. ¶¶ 96-101.) As such, this Court has original jurisdiction under 28 U.S.C. § 1331 as "arising under the Constitution, laws, or treaties of the United States."

26. The remaining claims, all related to Plaintiff's employment with Defendant, are based on the same facts, events, transactions and occurrences as Plaintiff's FMLA claim and are so related to her FMLA claim as to form part of the same case and controversy. Therefore, the Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a). Alternatively, to the extent any of Plaintiff's claims are not removable on the bases discussed above, the Court nonetheless has jurisdiction of the remaining claims pursuant to 28 U.S.C. section 1441(c).

**VI. VENUE**

27. The Superior Court of the State of California, County of Santa Clara is located within the territory of the United States District Court for the Northern District of California. 28 U.S.C. § 84(a). Venue is proper in this Court because it is the district and division embracing the place where the State Court Action is pending at the time of removal. *See* 28 U.S.C. § 1391, 1441(a), and 1446(a).

**VII. NOTICE TO STATE COURT AND ADVERSE PARTY**

28. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice is being served upon counsel for Plaintiff, and a notice will be filed with the Clerk of the Santa Clara County Superior Court. Notice of Compliance shall be filed promptly afterwards with this Court

**VIII. CONCLUSION AND REQUESTED RELIEF**

29. In the event this Court has questions or requires further comment regarding the propriety of this Notice of Removal, Defendant respectfully requests that this Court issue an Order To Show Cause so that Defendant may have an opportunity to supplement a more detailed brief outlining the basis for this Removal.

///

///

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, California 95113.2431
408.998.4150

**WHEREFORE**, Defendant removes the above-captioned action to the United States District Court for the Northern District of California.

Dated: February 6, 2026

LITTLER MENDELSON, P.C.

*/s/ Susan T. Ye*
Susan T. Ye
Abigail Woodruff

Attorneys for Defendant
THE PITTSBURGH PAINTS CO.

4917-8376-1803.2 / 127684.1024